FULLAM, District Judge,
concurring:
I reluctantly concur in the result reached by the majority because, although I am convinced that neither appellant received a fundamentally fair trial, it appears under controlling precedent in this circuit, that relief cannot be afforded in this direct appeal, but must await collateral attack via a § 2255 motion.
In the circumstances of this case, it should have been obvious to the prosecution as well as defense counsel that appellants could not fairly be tried in a single trial, since their defenses were antagonistic. Trying both men together enabled the government to use the out-of-court state *1291 ment of each to convict the co-defendant, without confrontation or cross-examination, in plain violation of their constitutional rights under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, S.Ct. 1620 (1968). But, although both appellants sought separate trials, neither has appealed the denial of severance. And, strange as it seems, trial counsel were prevailed upon to stipulate to the admissibility of the statements which violated Bruton principles. Thus, the issue of joint trial is not before us, and the Bruton violation constitutes invited error which cannot be addressed by this Panel. United States v. Parikh, 858 F.2d 688 (11th Cir.1988); United States v. De Parias, 805 F.2d 1447 (11th Cir.1986).
As to both appellants, the government introduced extensive evidence of prior (and subsequent) “bad acts,” the admissibility of which is governed by Federal Rule of Evidence 404(b). In my view, none of this evidence should have been received. Although I recognize that the Eleventh Circuit cases cited by the majority have substantially eroded Rule 404(b)’s prohibition of assaults on a defendant’s character to show propensity to commit a crime of the type charged, I note that many of the cited cases involved evidence admitted on cross-examination for purposes of impeachment, or “pattern” crimes, where similarities of style tended to identify the defendant as having committed the crime on trial. In the circumstances of the present case, I find it mind-boggling to suggest that Jer-nigan’s ownership of a semi-automatic rifle found in his house in February 2000 tends to prove that he knew about a handgun behind the seat of the tow truck two years earlier, on April 15, 1998, or that the various other instances in which the appellants either possessed or were in close proximity to weapons of various kinds, years earlier, sheds any meaningful light on the issues being tried in this case. In my view, the only possible significance of the evidence of other “bad acts” in this case was to suggest that the defendants were unsavory characters who had demonstrated a propensity for firearm possession — a purpose which is squarely prohibited by Rule 404(b). I recognize, however, that there are reported decisions in this Circuit which seem to assume, as do my colleagues of the majority, that evidence of gun possession on one occasion may be relevant to prove gun possession on an entirely different occasion. The question still remains, however, whether the probative force of such evidence is sufficient to outweigh the obvious prejudice to the defendant it entails.
Be all that as it may, appellant Nelson did not object to the evidence at trial, and is limited to arguing “plain error”; appellant Jernigan has not raised the issue on appeal; and Jernigan himself produced the evidence of Nelson’s gang membership. It is therefore at least arguable that neither appellant is entitled to a ruling that the trial judge abused his discretion.
For me, the most egregious error with respect to the 404(b) issues is one which has not been addressed by either appellant, namely, the prosecutor’s closing argument on the subject. In his relatively brief closing argument, the prosecutor exhorted the jury to convict the defendants because their previous crimes demonstrated their disdain for the law. Some examples:
“But what has the evidence shown in this case? The defendants Randy Jerni-gan and Wendell Nelson have contempt for the law. They have contempt for the rules and regulations by which we have an orderly society. We know that by what we have heard on the videotape. We know that by their stipulations that they’re convicted felons and can’t have guns. We know that through their prior contact with law enforcement and their actions.
*1292 “Actions speak louder than words ...
“... And then when they get to [Jerni-gan’s] house later that day, he’s got this SK5 semi-automatic long high-capacity magazine rifle in his closet. He knows he can’t have it — but he just has it.
“Now, Wendell Nelson, 1996, he’s in a car, two handguns under the front seat and he’s in the back seat with a shotgun. You’ve got that conviction. He pled guilty of that ...
“So, here we have two convicted felons, who we know we can’t believe, who make self-serving statements out there at the scene, who have a propensity ... a common theme of having a gun wherever they are ...”
I do not believe the government should be permitted now to argue that the evidence was admitted for any purpose other than propensity.
Unfortunately for the appellants, however, neither lodged any objection to the prosecutor’s closing argument at the time, and neither appellant has raised the issue on appeal.
In my view, as stated above, neither appellant received a fundamentally fair trial. Speaking for myself, I would prefer to grant both appellants new trials, but, given the limitations of appellate authority on direct review, I reluctantly concur in the judgment.